## HALE v. NELSON.

No. 6176.    Opinion Filed March 7, 1916.

(155 Pac. 1120.)

**APPEAL AND ERROR—Finding—Evidence—Trial Without Jury.** When there is a trial by the court without the intervention of a jury, with a general finding in favor of the defendant in error, there being some competent evidence reasonably tending to support such finding, the same will be conclusive on review in this court.

(Syllabus by Robberts, C.)

*Error from District Court, Pawnee County;*

*L. M. Poe, Judge.*

Action by Swan C. Nelson against James H. Hale. Judgement for plaintiff, and defendant brings error. Affirmed.

*Biddison & McCollum,* for plaintiff in error.

Opinion by ROBBERTS, C. This case was filed in this court in the month of March, 1914, and was submitted by the court on the 13th day of December, 1915. On this 4th day of March, 1916, briefs have not been filed by either party and no reason or excuse offered for such failure. Although not required so to do, we have examined the record and find that the action was brought in the lower court by the defendant in error herein, to quiet title to a quarter section of land in Pawnee county and for an accounting between plaintiff and defendant of matters growing out of the purchase and use of said land. Although the names of the parties are reversed in this court, we will designate them hereafter as plaintiff and defendant, the same as they were in the lower court.

We learn from the record that in the month of February, 1910, the plaintiff employed the defendant as his

agent for the purpose of purchasing for plaintiff the land in controversy; that as plaintiff's agent, the defendant, Hale, entered into a contract with the owner of the land for the purchase thereof, but in so doing made the contract in his own name instead of that of the plaintiff. The trial court finds that the defendant was acting as the agent of the plaintiff in the purchase of the land, and because thereof plaintiff should be subrogated to all of the defendant's rights in and to said premises. It also appears that both parties had expended more or less money in the transaction, and upon an accounting between the parties, including the value of the use and benefit of the land, the court finds that the plaintiff, Nelson, is indebted to the defendant, Hale, in the sum of $271.14. Thereupon the court entered the following decree:

"It is therefore ordered, adjudged, and decreed that defendant herein, within ten days from this date make, execute and deliver by depositing with the clerk of said court a warranty deed to the S. E. ¼ of section 11, township 20, range 5 E., to the plaintiff subject to the mortgage of Francis J. Cushing, together with an assignment of the insurance on said premises, and in case the said James H. Hale fails and refuses to make, execute and deliver said warranty deed, that the clerk of the district court of said Pawnee county, State of Oklahoma, is hereby authorized to make and execute said deed for and on behalf of said James H. Hale.

"And it is further ordered, adjudged, and decreed that the said deed shall be delivered to Swan C. Nelson upon the said Swan C. Nelson paying into the clerk of the district court's office the sum of $271.14 for the use and benefit of said James H. Hale, said amount to be paid within 15 days after receiving notice by himself or his attorneys that the deed from the said James H. Hale is deposited with the clerk of said court; that the defendant be declared to have no interest in and to the S. E. ¼ of

section 11, township 20 N., range 5 East I. M., in Pawnee county, Okla., and that the plaintiff's title in and to the same be quieted as to the said James H. Hale, and that the said plaintiff recover his costs herein expended.

"Dated this 8th day of September, 1913."

We are of the opinion that the judgment and decree of the court is fully sustained by the evidence, and there were no prejudicial errors committed by the court in the trial of the case. The judgment should therefore be affirmed.

· By the Court: It is so ordered.